WILLIAM H. BURNS *vs*. WILLIAM L. HASKELL.

Androscoggin.      Opinion May 24, 1933.

*Frank A. Morey,* for plaintiff.
*Herbert E. Locke,*
*Fred H. Lancaster,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

PATTANGALL, C. J.  General motion. Verdict for plaintiff. Action to recover damages for injuries sustained by reason of alleged malpractice on the part of a physician and surgeon.

Plaintiff, a man weighing two hundred and five pounds, fifty-three years old, having an artificial left leg, slipped on the sidewalk and sustained a severe and involved injury to his right ankle, the fibula being fractured, a piece of the tibia broken off, and the maleolus broken off at its base. It was denominated professionally as a "complicated Potts fracture." He was treated by defendant in the hospital and at his home for about eighteen months prior to the bringing of this action.

Witnesses called for plaintiff consisted of himself, three neighbors, whose testimony consisted largely of confirmation of the fact that plaintiff suffered pain and discomfort in a marked degree, and a surgeon of apparent intelligence and reliability. Plaintiff's testimony consisted of a general complaint of the treatment accorded him, contradictory in a degree, somewhat rambling and indefinite, and in a considerable part not pertinent to the issues defined by the pleadings.

The testimony of the surgeon, elicited largely in cross examination, is decisive on the point of liability and absolutely negatives the theory that plaintiff's present disabilities are the result of defendant's negligence. He testified that he had never seen a similar fracture treated so as to procure a perfect result, that considering the nature of the injury and the age of the patient the result in the instant case was excellent, that the ankle was straightened about seventy-five per cent, and that the treatment described by plaintiff was correct. Summarizing his testimony, he found nothing whatsoever to criticize in defendant's conduct of the case.

It is difficult to understand why, in view of this testimony, the only professional evidence adduced, the case should have been submitted to a jury. Although it appeared that the surgeon who was called as a witness by plaintiff had been summoned by defendant and the important features of his evidence were in answer to questions propounded by the attorney for the defense, neither his professional knowledge nor his integrity was attacked. He was apparently frank, unprejudiced, unbiased and fair in all of his statements. His testimony stood uncontradicted. The verdict assumes

it to be of no value whatever. The jury was not justified in disregarding it. Its finding must have been based solely upon sympathy. There is no foundation for it in the evidence.

*Motion sustained.*